## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARK JOHNSON,                          Case No. 1:10-cv-938
    Plaintiff

                         Beckwith, J.

    vs

SITWELL'S COFFEE HOUSE,                **REPORT AND RECOMMENDATION**
    Defendant

Plaintiff, a resident of Cincinnati, Ohio, brings this action against Sitwell's Coffee House alleging a violation of his rights.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff

claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An

action has no arguable factual basis when the allegations are delusional or rise to the level of the

irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d

at 1199.

 Congress has also authorized the sua sponte dismissal of complaints which fail to state a

claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii).  Plaintiff's complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  The Court must

accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

265, 286 (1986)).  While a complaint need not contain "detailed factual allegations," it must

provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129

S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.

The "statement of facts" portion of the complaint alleges verbatim the following:

On or about Dec. 21, 2010 at a establishment known as Sitwell's Coffee House, a
incident took place whereas my person was removed under false pretenses.

2

> Slander, defamation of character and insighting a undue panic among customers
> followed.  The dialogue included, but not limited too, a cocaine salesman, a fag,
> and an anti-semetic fasist pig while ejecting my person verbally to the customers.
>
> My questions insued as I have spent numerous hours inside with expenditure
> equally $500 over 12 month's time.  She was always present toward my person
> yet erratic in social behavior.  Sitwell is a forum for artist and musicians alike.  I
> have drank coffee and dined their several times as a non-traditional student does.
> The overtones of my name in the Ludlow community is now in the face of serious
> acquisitions of a denaturing episode brought by erratic behavior of the owner due
> to he said/she said social incompetence and misrepresentation thru HER physical
> action.  Disregard for my disability came apparent in loss of face and
> embarrassment by her reference to a loser, sweets, and distaste for men her own
> age. . . .

The "statement of facts" continues in a similar vein, with most of the allegations being

nonsensical and incomprehensible, and concludes:

> Allegations from local UC graduates and hospital personnel, as well as
> psychology opportunist EGO back several months as distaste exist within this
> slander itself associated with career choices.  Mr. Johnson states "it arises from
> the needs of soriety and fraternity maliciousness to control local employment
> opportunity in the hospitals surrounding university of Cincinnati complex and a
> non-gentile forum instilled in the local jewish organization as always being the
> victim.  Nonetheless, this is a blatent point of slander which damages his character
> in the community at large and defers employment opportunity here and abroad as
> a measure to lower personal worth and accomplishments of Mr. Johnson as a
> whole.  HE WAS THREATENED BECAUSE HE DIDN'T DRINK LIKE ALL
> THE OTHERS IN THE PLACE.  HE INFORMED HERE THAT HE WAS A
> DIABETIC, BUT THE OWNER SEEMED INDIFFERENT, ONLY TO HER
> SASLES NUMBERS AND TAKING UP THE SPACE.  DISCRIMINATION
> WAS EVIDENT AS SHE WENT FOR SOMETHING HIDING BEHIND THE
> COUNTER, I THEREFORE LEFT WITHOUT ANY CONFLICT.  IM CALLED
> FAG, FACIST, PERVERT, DRUG ADDICT, AMOUNG A FEW AS I LEFT TO
> A CUSTOMER FORUM OUTLOUD.  THIS IS UNEXECEPTABLE IN ANY
> RESTERANTE SETTING.

The complaint then sets forth several "propositions of law" and equally incomprehensible

"arguments."  Plaintiff seeks damages as relief.

The complaint consists of a litany of legal conclusions unsupported by sufficient factual

3

allegations to enable the Court to conclude that the complaint states a plausible claim for relief against the named defendant. The complaint provides no factual content or context from which the Court may reasonably infer that the defendant violated plaintiff's federal rights. Plaintiff's factual allegations rise to the level of the delusional, irrational and "wholly incredible." There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendant over which the Court might have jurisdiction. Because plaintiff's complaint against the defendant is either incomprehensible or composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly,* 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/29/2010

Karen L. Litkovitz, Magistrate Judge
United States District Court

4

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARK JOHNSON,
    Plaintiff

    vs

SITWELL'S COFFEE HOUSE,
    Defendant

Case No. 1:10-cv-938

Beckwith, J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).